(118 App. Div. 86)

### In re RUDIGER et al.

(Supreme Court, Appellate Division, First Department. March 8, 1907.)

1. MUNICIPAL CORPORATIONS—PUBLIC IMPROVEMENTS—LIENS—CANCELLATION.
　　A lien filed by employés of a municipal contractor cannot be canceled on motion because suit was not brought to enforce it within three months after the lien was filed, as required by Lien Law, Laws 1897, p. 522, c. 418, art. 1, § 17, but such objection must be raised by pleading the statute of limitations in connection with the facts.

2. SAME—STATUTES—OPERATION—DISCHARGE OF LIEN.
　　Lien Law, Laws 1897, p. 522, c. 418, art. 1, § 17, requiring the commencement of an action to foreclose a lien on money due a municipal contractor within three months after the lien is filed, is self-executing, and the lien is discharged without order or action, if action is not brought to enforce it within the time, and if notice of pendency thereof is not filed within the same period with the financial officer of the municipal corporation, provided the lien has not been continued by order of court.

3. SAME—REMEDIES OF CONTRACTOR—NOTICE TO SUE.
　　Where claimants of a lien on a fund due to a municipal contractor failed to diligently commence suit to foreclose the same, the contractors were entitled to give notice requiring the lienors to commence their action to enforce the lien within the time specified by Code Civ. Proc. § 3417, and, on their failure to do so, obtain an order canceling the lien.

Appeal from Special Term, New York County.

Proceedings by James S. Coleman and others, contractors of the city of New York, for the cancellation of a municipal lien filed by Eugene A. Rudiger and others against a fund in the hands of the comptroller of the city applicable to the payment of a balance due on the contract. From an order canceling the lien, Rudiger and others appeal. Reversed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, HOUGHTON, and LAMBERT, JJ.

G. H. D. Foster, for appellants.
David McClure, for respondents.

LAUGHLIN, J. The lien was filed on the 25th day of July, 1906. Two days prior to the expiration of the time within which the lienors were required by the statute (Lien Law, Laws 1897, p. 522, c. 418, art. 1, § 17) to commence an action to foreclose the lien, they obtained an order from the Special Term of the Supreme Court, pursuant to said section, continuing their lien for 60 days, and granting them 60 days' additional time within which to commence an action to foreclose it. A motion was subsequently made to vacate the order, upon the ground, among others, that the court was misled or deceived. Pending this motion the lienors began an action to foreclose the lien. The contractors then applied for an order canceling the lien, upon the ground that more than three months expired after the lien was filed before an action to enforce it was commenced, and that the order extending the lien and extending their time to bring an action having been vacated could afford no basis for the action subsequently begun. This may be so; but the question cannot be decided on this application. It may be presented by pleading the statute of limitations in connection with the facts.

The only authority of the court to discharge liens on a motion is that contained in the statute. The statute confers no authority upon the Supreme Court to cancel a municipal lien upon proof that an action has not been brought to enforce the same within the time prescribed by the statute. The statute is self-operative, and the lien is discharged without order or action if an action to enforce it be not brought within 90 days after filing the lien, and if notice of pendency thereof be not filed within the same period with the financial officer of the municipal corporation with whom the notice of lien was filed, provided, of course, that the lien has not been continued by order of the court. The contractors could have brought this matter to a focus by giving notice under section 3417 of the Code of Civil Procedure, requiring that the lienors commence their action to enforce the lien within the time therein specified, and on their failure to do so authority is conferred upon the court to cancel the lien.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements, and motion dismissed, with $10 costs. All concur.