### MARTENS v. O'NEILL et al.

(Supreme Court, Appellate Division, Second Department.   March 5, 1909.)

1. MECHANICS' LIENS (§ 260*)—PROCEEDINGS TO KEEP ALIVE—NECESSITY OF SU-
    ING TO FORECLOSE.
        To keep a mechanic's lien alive a claimant must begin his action to foreclose within one year after the filing of his notice of the lien, as required by Mechanic's Lien Law (Laws 1897, p. 522, c. 418) § 16.
        [Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 460; Dec. Dig. § 260.*]

2. ACTION (§ 64*)—COMMENCEMENT—SERVICE OF SUMMONS.
        An action is begun by the service of a summons.
        [Ed. Note.—For other cases, see Action, Cent. Dig. § 726; Dec. Dig. § 64.*]

3. LIMITATION OF ACTIONS (§ 119*) — COMMENCEMENT OF ACTION—SEVERAL DE-
    FENDANTS—JOINT CONTRACTORS—DEFENDANTS "OTHERWISE UNITED IN IN-
    TEREST."
        The owner of the premises and a contractor for work thereon are not joint contractors as to a subcontractor, or "otherwise united in interest," within the meaning of Code Civ. Proc. § 399, providing that an attempt to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

commence an action is equivalent to the commencement thereof against each defendant, when the summons is delivered to be served to certain officers of the county in which one of two or more codefendants, who are joint contractors or otherwise united in interest, resides or last resided.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 530; Dec. Dig. § 119.*]

4. MECHANICS' LIENS (§ 97*)—SUBCONTRACTORS—NATURE OF LIEN.

The lien of a subcontractor attaches perforce of the owner's indebtedness to the contractor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 129; Dec. Dig. § 97.*]

5. MECHANICS' LIENS (§ 115*)—RIGHT OF SUBCONTRACTOR—EFFECT OF PAYMENT TO CONTRACTOR.

Payment to the contractor of the full contract price in good faith may defeat the right of the subcontractor to his lien.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 151; Dec. Dig. § 115.*]

6. MECHANICS' LIENS (§ 97*)—SUBCONTRACTORS—NATURE OF CLAIMS.

The subcontractor's claim against the contractor rests on their contract, but his claim against the owner is perforce of his right to garnish or attach the amount due from the owner to the contractor and to proceed to foreclosure.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 129; Dec. Dig. § 97.*]

7. MECHANICS' LIENS (§ 263*)—ENFORCEMENT—SUIT BY SUBCONTRACTOR—JOINDER OF CONTRACTOR AS DEFENDANT.

Code Civ. Proc. § 3402, relating to parties to actions to enforce a mechanic's lien, does not enumerate the contractor as a necessary party defendant, and he is not united in interest with the owner, so as to be required to be joined by section 448 in an action to foreclose, and he need not be made a party.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 479; Dec. Dig. § 263.*]

8. MECHANICS' LIENS (§ 260*)—LIMITATIONS—COMMENCEMENT OF ACTION—SEVERAL DEFENDANTS.

The service of the summons and complaint on the contractor is not a commencement of the action against the owner.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 465; Dec. Dig. § 260.*]

9. MECHANICS' LIENS (§ 235*)—DISCHARGE—FAILURE TO BEGIN ACTION OR SECURE ORDER OF CONTINUANCE.

Where an action to foreclose is not begun or an order to continue a lien is not filed within one year from filing the lien, it is discharged without an order of court; Mechanic's Lien Law (Laws 1897, p. 523, c. 418) § 18, providing that a lien may be discharged by failure to begin the action or secure an order within such time, being self-operative.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 418; Dec. Dig. § 235.*]

10. MECHANICS' LIENS (§ 268*)—FORECLOSURE—NOTICE OF PENDENCY OF PROCEEDINGS—CANCELLATION.

Pursuant to Code Civ. Proc. § 1674, providing for the cancellation of a notice of lis pendens after the action is settled, discontinued, or abated, or final judgment rendered against the party filing it, the court could and should have directed the cancellation of the notice in a suit to foreclose

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a lien discharged under Mechanic's Lien Law (Laws 1897, p. 523, c. 418) § 18, by failure to sue in time.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 493; Dec. Dig. § 268.*]

Appeal from Queens County Court.

Action by Henry Martens against Thomas F. O'Neill, impleaded with Herman Hahn and another. From an order denying a motion to cancel of record a mechanic's lien and lis pendens, defendant O'Neill appeals. Modified and affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, GAYNOR, and MILLER, JJ.

Benjamin F. Donvan, for appellant.
Constantine T. Timonier, for respondent.

JENKS, J. This appeal is from an order of the County Court denying a motion to cancel and to discharge of record a mechanic's lien and a lis pendens. The defendant who moved, and who now appeals, is the owner of the premises. He has not appeared generally.

The mechanic's lien was filed on May 4, 1907. The plaintiff deposes that he began this action for foreclosure on May 1, 1908, by filing the summons and complaint, with a lis pendens, "and by the service of a copy of the said summons and complaint upon the defendant Herman Hahn" on May 1, 1908; that the defendant Hurley "has also been served with a copy of the said summons and complaint"; and that "the defendant Thomas F. O'Neill was similarly served after the year had expired and subsequent to the 4th day of May, 1908." Hurley was a mortgagee, and Hahn was the contractor, to whom the plaintiff was a subcontractor. It does not appear that the lien was ever continued by order, or redocketed.

To keep the lien alive the plaintiff must have begun his action to foreclose within one year after the filing of his notice of the lien. Section 16, Mechanic's Lien Law (Laws 1897, p. 522, c. 418). An action is begun by service of a summons. Concededly he did not serve the owner until the lapse of that year. And hence he did not begin his action against him, unless Hahn was a codefendant who was "a joint contractor" or was "otherwise united in interest" with O'Neill. Section 399, Code Civ. Proc. The owner of the premises and a contractor for work thereon are not joint contractors as to the subcontractor. Phillips on Mechanics' Liens (3d Ed.) 397. And they are not "otherwise united in interest." The interest of the contractor is to defeat the claim, or to reduce it to the saving of his own claim against the owner. The interest of the owner is confined to see that the claim of the subcontractor rests upon a sum justly due from the owner to the contractor under their contract, inasmuch as the lien of the subcontractor attaches perforce of the owner's indebtedness to the contractor. Van Clief v. Van Vechten, 130 N. Y. 571, 29 N. E. 1017; Brainard v. County of Kings, 155 N. Y. 538, 50 N. E. 263. Payment to the contractor of the full contract price in good faith may defeat the right of the subcontractor to his lien (De Lorenzo v. Von Raitz, 44 App. Div.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

329, 60 N. Y. Supp. 736), and it might be to the interest of a dishonest contractor to conceal such fact. The subcontractor's claim against the contractor rests upon their contract. His claim against the owner is perforce of his right to garnish or to attach the amount due from the owner to the contractor and to proceed to foreclosure. He seeks foreclosure against the owner, and but a personal judgment for deficiency against the contractor. If the contractor and the owner were united in interest, they must be made parties. Section 448, Code Civ. Proc. But section 3402 of the Code does not enumerate the contractor as such a party. He is not such an one. Phillips on Mechanics' Liens, § 397. There was no unity of interest. See Smith v. Hurd, 50 Minn. 503, 52 N. W. 922, 36 Am. St. Rep. 661; Smith v. Gault, 5 Month. Law Bulletin, 54; Henry v. Lynch (Com. Pl.) 1 N. Y. Supp. 780; Moore v. McLaughlin, 11 App. Div. 478, 42 N. Y. Supp. 256.

I am of opinion, then, that the service of the summons and complaint on the contractor was not a commencement of the action against the owner. As the plaintiff did not begin his action of foreclosure, or secure an order to continue it, within one year from the time of filing his lien, the lien was discharged. Albro v. Blume, 5 App. Div. 309, 39 N. Y. Supp. 215. Section 18 of the mechanic's lien law is self-operative (In the Matter of Rudiger, 118 App. Div. 86, 102 N. Y. Supp. 1053), and hence no order of the court was required as to the lien. I think, however, that the court could and should have directed that the notice of lis pendens should be canceled. Section 1674, Code Civ. Proc.

The order should be modified accordingly, and, as so modified, affirmed, without costs. All concur.