In the Matter of the Application of the WILBRAHAM REALTY CORPORATION, Appellant, for an Order Canceling the Undertaking of the COMMERCIAL CASUALTY INSURANCE COMPANY, etc., for the Discharge of Record of a Certain Notice of Mechanic's Lien, Filed by the PATTERSON KING CORPORATION, as Lienor, Respondent, against WILBRAHAM REALTY CORPORATION, as Owner, etc.

Second Department, January 16, 1925.

**Liens — mechanics' liens — motion by owner to cancel undertaking after expiration of year since filing lien — pending arbitration proceedings between lienor and principal contractor to which owner is not party are no defense to motion.**

It is not a good defense to a motion made by the owner of a building, more than one year after a mechanic's lien was filed, to have canceled the undertaking given for the purpose of discharging the lien, that there is pending an arbitration proceeding or proceedings to compel arbitration between the lienor and the principal contractor, to which proceedings the owner of the building is not a party.

APPEAL by the petitioner, Wilbraham Realty Corporation, from an order of the Supreme Court, made at the Westchester Special Term and entered in the office of the clerk of the county of Westchester on the 21st day of October, 1924, denying its motion to cancel an undertaking filed by it and the Commercial Casualty Insurance Company for the discharge of a mechanic's lien and for the discharge of the surety from further liability in the premises thereunder.

*Bennett E. Siegelstein,* for the appellant.

*E. Fishandler,* for the respondent.

JAYCOX, J.:

On the 6th day of August, 1923, the Patterson King Corporation, as lienor, filed a notice of mechanic's lien against certain premises in the town of Pelham and recited in said notice that a lien was claimed against the petitioner, as owner in fee, and against Jay G. Wilbraham, Inc., as contractor. Thereafter such proceedings were had that the undertaking in question was filed and the lien discharged of record. One year having elapsed since the filing of said lien, this motion was made to cancel the undertaking. The petition recites — and it is not denied — that no action has been brought to foreclose said lien nor has any order to continue the lien been entered. The motion was opposed and denied upon the ground that an arbitration was pending which was a substitute for an action to foreclose said mechanic's lien. On the 3d of December, 1923, an order was made, upon the motion of Patterson King Corporation, directing Jay G. Wilbraham, Inc., to proceed to arbitrate in accordance with the terms of the contract under which the work, labor and services were performed and materials furnished which are the subject of the said mechanic's lien. That motion involved Jay G. Wilbraham, Inc., the contractor. The petitioner herein is the Wilbraham Realty Corporation, the owner.

Under these circumstances there is no reason for passing upon the question as to whether or not the institution of an arbitration proceeding serves the same purpose under the Mechanics' Lien Law as the commencement of an action to foreclose the lien. To have that effect it seems to me clear that any substitute proceeding must involve all the parties who would be parties to the foreclosure action and determine all the questions which would necessarily be determined in such action. It is apparent that if the owner of the premises against which a lien is claimed is not a party to the arbitration the validity of the lien cannot be determined therein and no remedy against the real estate or the substitute therefor can be

granted. The decision of the arbitrators would, therefore, be entirely futile in determining the rights, if any, which the lienor has against the parties to the undertaking. To recover under the undertaking the lienor must establish a valid lien against the land in lieu of which the undertaking stands. As there is no chance of the lienor accomplishing this result in the arbitration proceeding to which the owner is not a party, the owner was entitled to have the undertaking canceled.

The order denying the motion to cancel the undertaking should be reversed on the law and the facts, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.

KELLY, P. J., KELBY, YOUNG and KAPPER, JJ., concur.

Order denying motion to cancel the undertaking reversed on the law and the facts, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.