TRIPLE CITIES CONSTRUCTION CO., a Copartnership, Respondent, v. DAN-BAR CONTRACTING CO., INC., Defendant, and MARYLAND CASUALTY COMPANY, Appellant.

Third Department, December 28, 1954.

*William F. Conway* for appellant.

*James B. Gitlitz* for respondent.

*Ringwood & Pasqua* for defendant.

HALPERN, J. This is an appeal from an order denying the motion of the defendant Maryland Casualty Company for judgment on the pleadings and for the cancellation of a public improvement lien filed by the plaintiff.

The plaintiff had performed labor and supplied materials under a subcontract with the defendant Dan-Bar Contracting Co., Inc. (hereinafter referred to as Dan-Bar), which had entered into a general contract with the State of New York for the construction of certain public highways. The defendant Maryland Casualty Company (hereinafter referred to as Maryland) had executed a labor and material bond to the State, in connection with the general contract. The material parts of the bond read as follows: " Whereas, the Comptroller of the State of New York, under the terms of Chapter 707 of the Laws of 1938, has required this bond guaranteeing prompt payment of moneys due to all persons supplying the contractor or a subcontractor with labor and materials employed and used in carrying out the contract, which bond shall inure to the benefit of the persons supplying such labor and materials. Now therefore, the condition of the foregoing obligation is such, that if the said Principal shall promptly pay all moneys due to all persons supplying the contractor or a sub-contractor with labor and materials employed and used in carrying out the contract, then this obligation shall be null and void, otherwise, to remain in full force and virtue."

The statute (L. 1938, ch. 707) referred to in the bond is now section 137 of the State Finance Law and, so far as here material, it reads as follows: " In addition to other bond or bonds, if any, required by law for the completion of a work specified in a contract for the prosecution of a public improvement for the state of New York, or in the absence of any such requirement, the comptroller may nevertheless require prior to the approval of any such contract a bond guaranteeing prompt payment of moneys due to all persons supplying the contractor or a sub-contractor with labor and materials employed and used in carrying out the contract, which bond shall inure to the benefit of the persons supplying such labor and materials. In order to secure any rights and benefits conferred herein, laborers having claims for unpaid wages shall file and enforce a wage claim as provided by the labor law or shall file and enforce a mechanic's lien pursuant to the provisions of the lien law, and a materialman, in order to secure any such rights and benefits, shall file and enforce a mechanic's lien pursuant to the provisions of the lien law."

The plaintiff brought this action against the defendant Dan-Bar to recover a balance of $61,746.63 alleged to be owing under the subcontract and against Maryland to recover upon the labor and material bond, a copy of which is annexed to and made a part of the complaint.

The complaint did not contain any reference to the filing of a mechanic's lien by the plaintiff or to any proceeding for the enforcement thereof, in accordance with the second sentence of section 137 of the State Finance Law quoted above.

The defendants interposed a joint answer, setting up various defenses and counterclaims alleging that the plaintiff had failed to perform its work properly and also alleging that the plaintiff owed the defendant Dan-Bar certain sums of money for an insurance premium and machinery rental.

Several months later, the defendant Maryland moved for judgment on the pleadings, dismissing the complaint on the ground that it was insufficient on its face, because of its failure to allege compliance with the provisions of section 137 of the State Finance Law.

This is all that is technically before us on the motion to dismiss the complaint. However, the factual background of the controversy is more fully spelled out in connection with the second part of the defendant's motion, seeking an order of the court canceling of record a notice of public improvement lien filed by the plaintiff. It appears from the affidavits on that motion, that the plaintiff had filed a lien in the office of the Comptroller of the State of New York on September 15, 1953, and in the office of the Department of Public Works on September 16, 1954, on account of the claim which is the subject of this action. However, instead of bringing an action to foreclose the lien, the plaintiff instituted this action in December, 1953. Under section 18 of the Lien Law, the plaintiff's lien automatically expired on March 16, 1954, no action to foreclose the lien having been brought prior to that date and no order of the court having been obtained extending the lien. It appears that an action was brought on March 17, 1954, by another lienor on the job and the plaintiff was joined as a defendant lienor in that action but this was one day too late to save the plaintiff's lien.

Counsel for the plaintiff states in his affidavit that " The reason why plaintiff instituted the present action rather than to proceed with enforcement of its lien is that, upon information and belief, there are no funds available from the State of

New York for payment of liens, primarily because of the fact that the State Bank of Albany made advances to Dan-Bar prior to the filing of plaintiff's lien under an assignment of funds to become due under Dan-Bar's contract, and which assignment has priority, under the law, to the liens which have been filed; the amount of such advances exceeds the funds claimed to be owing to Dan-Bar from the State of New York."

The plaintiff also asserts that Maryland should be estopped from raising its present contention because of the conduct of its former counsel (not its present counsel in this action) in interposing an answer and carrying on negotiations for a settlement, without disclosing his intention to claim that the foreclosure of the mechanic's lien was a condition precedent to the bringing of the present action, until it was too late to foreclose the lien.

The complaint does not contain any allegations with respect to these matters and, of course, they cannot be considered by us in passing upon the sufficiency of the complaint, although they may have some bearing upon the granting of leave to amend the complaint in the event that the complaint should be dismissed.

While this is a hard case, we see no escape from the granting of the defendant's motion to dismiss the complaint. The labor and material bond was unquestionably a statutory bond, given pursuant to section 137 of the State Finance Law. The " whereas " clause of the bond expressly refers to the statute and recites that " this bond " was required to be given by the Comptroller under the statute. The obligation of the surety under the bond is stated in the precise terms of the statute. As appears from the exhibit annexed to the complaint, the bond was executed upon a standard form prepared by the Comptroller and approved by the Attorney-General immediately after the enactment of the statute in 1938. It is the same form as that which was before the court in *Chittenden Lbr. Co.* v. *Silberblatt & Lasker* (288 N. Y. 396), and which was there treated as a statutory bond.

As is indicated by the form of the bond prepared by the Comptroller, the draftsman of the statute apparently did not contemplate that the bond would contain anything more than a statement of the obligation of the surety in the language of the statute. It was contemplated that, once a bond had been given in that form pursuant to the statute, the statute would attach and would prescribe the limitations and restrictions gov-

erning the rights of laborers and materialmen to claim the benefit of the bond.

"Inasmuch as the bond in suit was given pursuant to * * * statute, the statutory text is to be read into the instrument" (*Graybar Elec. Co.* v. *New Amsterdam Cas. Co.*, 292 N. Y. 246, 251). Reading the statute into the bond, we find that "In order to secure any rights and benefits" thereunder, a materialman must "file and enforce a mechanic's lien pursuant to the provisions of the lien law". The Court of Appeals has authoritatively construed this sentence of section 137 as being "intended to limit claims against such a bond to those who have furnished labor or materials in connection with a State public improvement and who, after compliance with the provisions of the Lien Law or the Labor Law, as the case may be, have failed in their efforts to enforce payment of their claims by reason of there being no funds, or a lack of sufficient funds, due the contractor or sub-contractor from which such payments can be made." (*Chittenden* case, *supra*, p. 404.) A supplier of labor or materials cannot ordinarily recover upon the statutory bond, unless he alleges and proves that he had filed a valid lien and had brought an action to enforce it.

We cannot accept the view of the court below that the bond may be construed as a common-law bond, free from the statutory restrictions. It is obvious that it was the intention of the Comptroller to exact a statutory bond in the form he had prescribed and it is equally clear that it was the intention of the surety company to give such a bond. The plaintiff as a third-party beneficiary cannot claim that the instrument is something different from that which the parties plainly intended it to be. (*Hub Oil Co.* v. *Jodomar*, 176 Misc. 320.)

It is true that if a public official intends to exact a broader bond than that authorized by the statute and the surety company gives such a bond, it may be upheld as a common-law bond (*Clark Plastering Co.* v. *Seaboard Sur. Co.*, 237 App. Div. 274; *Merchants Mut. Cas. Co.* v. *United States Fidelity & Guar. Co.*, 253 App. Div. 151; cf. *McClare* v. *Massachusetts Bonding & Ins. Co.*, 266 N. Y. 371). But, in this case, the statement in the bond of the obligation of the surety follows the language of the statute precisely. There is no assumption of a broader obligation than the statutory one. The bond omits the provisions of the statute, requiring the filing and enforcement of a mechanic's lien as a condition of the acquisition of rights under the bond, but this omission does not convert the bond into a common-law

bond. The bond having been given pursuant to the statute as a statutory bond, the statutory provisions must be read into the bond or, to put it differently, they are operative by force of the statute, and there is no need to recite them in the bond. (*People* v. *Metropolitan Sur. Co.*, 211 N. Y. 107; *Graybar Elec. Co.* v. *New Amsterdam Cas. Co., supra.*)

It is worth noting that, in 1946, the Law Revision Commission recommended that the provision of section 137 which required " the beneficiary, before proceeding under the bond, to file and enforce his mechanic's lien," be eliminated from the statute, but the bill designed to carry out this recommendation was defeated in the Legislature (1946 Report of N. Y. Law Revision Commission, pp. 88–89; 896–898).

The plaintiff makes a strained argument that the allegation in the complaint that the plaintiff had " duly performed all the conditions of said contract on its part to be performed " is a sufficient allegation of compliance with the statutory requirements with respect to the bond, under rule 92 of the Rules of Civil Practice, but this allegation obviously refers to the conditions of the subcontract between the plaintiff and defendant Dan-Bar and not to the statutory provisions affecting the bond. It must therefore be held that the complaint in its present form is insufficient, for failure to allege compliance with the statute.

However, the plaintiff should be given leave to amend the complaint to enable it to allege the other matters which it has put forward as excuses for nonperformance of the statutory requirements. The principal excuse advanced by the plaintiff is that there were no funds available for the payment of the lien because of an assignment which had priority over the lien. It is therefore argued that the foreclosure of the lien would have been a fruitless proceeding and that the performance of the condition precedent requiring such foreclosure should be excused upon that ground. We do not express any opinion as to the soundness of this contention since it is not now before us for determination but we believe that the plaintiff should have an opportunity to present it in an amended pleading (see *Chittenden Lbr. Co.* v. *Silberblatt & Lasker,* 288 N. Y. 396, *supra;* L. 1945, ch. 480, amdg. State Finance Law, § 137; see, also, 3 Williston on Contracts [rev. ed.], § 698A, p. 2008; *Cady* v. *Sheldon,* 38 Barb. 103; but see *Craig* v. *Parkis,* 40 N. Y. 181, and Stearns on Suretyship [5th ed.], pp. 66–67).

Neither do we feel called upon to make any comment at this time as to the sufficiency of the plaintiff's claim of estoppel, based upon charges which do not appear in the present record.

That, too, is a matter which may be asserted in the amended complaint if the plaintiff is so advised (cf. *Romano* v. *Metropolitan Life Ins. Co.*, 271 N. Y. 288, and *Rego Bldg. Corp.* v. *Maryland Cas. Co.*, 151 Misc. 801).

As to the remaining portion of the defendant's motion, there seems to be no requirement for an order canceling of record a lien which has expired by force of the statute (*White* v. *McLean & Sons*, 235 App. Div. 342; *Martens* v. *O'Neill*, 131 App. Div. 123; *Matter of Rudiger*, 118 App. Div. 86). The denial of this portion of the defendant's motion was therefore proper and should be affirmed.

The order appealed from should be reversed insofar as it denied the motion of the defendant Maryland to dismiss the complaint and the motion should be granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of notice of entry of the order herein and, in other respects, the order appealed from should be affirmed, all without costs.

Foster, P. J., Coon, Imrie and Zeller, JJ., concur.

Order reversed insofar as it denies the motion of the defendant, Maryland Casualty Company, to dismiss the complaint and the motion granted, with leave to the plaintiff to serve an amended complaint within twenty days after service of notice of entry of the order herein, and, in other respects the order is affirmed, all without costs.