TRIPLE CITIES CONSTRUCTION Co., a Copartnership, Respondent, v. MARYLAND CASUALTY COMPANY, Appellant.

Third Department, December 19, 1957.

92

*William F. Conway* for appellant.

*James B. Gitlitz* for respondent.

*Per Curiam.* This appeal is a sequel to *Triple Cities Constr. Co.* v. *Dan-Bar Contr. Co.* (285 App. Div. 299, affd. 309 N. Y. 665). The plaintiff had entered into a subcontract with the defendant Dan-Bar Contracting Co., Inc., which held a general contract for the construction of a public improvement for the State. The plaintiff filed a notice of lien in the office of the Comptroller of the State of New York on September 15, 1953, and in the office of the Department of Public Works on September 16, 1953, against Dan-Bar. However, instead of bringing an action to foreclose the lien, the plaintiff instituted this action in December, 1953. Both the general contractor and the Maryland Casualty Company, hereinafter referred to as the bonding company, were defendants in the action. The bonding company retained the contractor's attorney as its own attorney as well and a joint answer was interposed containing denials and a counterclaim for damages on behalf of the contractor against the plaintiff. A bond had been given to the Comptroller by the bonding company, pursuant to chapter 707 of the Laws of 1938 (now State Finance Law, § 137), under which the bonding company guaranteed that the general contractor would promptly pay all moneys due to laborers and materialmen but the statute, pursuant to which the bond had been given, provided that, in order to secure any benefits under the bond, a materialman must first file and enforce a mechanic's lien.

The complaint did not refer to the statute and did not allege compliance with the condition precedent imposed by the statute. Under section 18 of the Lien Law, the plaintiff's lien automatically expired on March 16, 1954, no action to foreclose the lien having been brought prior to that date and no order of the court having been obtained extending the lien. After that date,

it was impossible for the plaintiff to comply with the condition precedent.

On July 6, 1954, several months after the lien had expired, the defendant bonding company, through new counsel, moved for judgment on the pleadings on the ground that the complaint was insufficient in law because of its failure to allege compliance with the condition precedent. This court granted the motion and dismissed the complaint and, upon appeal, the Court of Appeals affirmed. However, by the order of this court, the plaintiff was given leave to amend the complaint and it subsequently amended the complaint to allege that certain acts of the bonding company had waived compliance with the condition precedent and also that the bonding company was estopped from raising the objection of noncompliance. The action was severed as to the contracting company and a judgment was entered against it from which no appeal has been taken. Upon the trial of the action against the bonding company, the court submitted the issues of waiver and estoppel to the jury and the jury returned a verdict in favor of the plaintiff for the full amount of its claim.

There is, in our opinion, no basis in the record for a finding of a waiver on the part of the bonding company of compliance with the condition precedent. "A waiver is an intentional abandonment or relinquishment of a known right" (*Alsens Amer. Portland Cement Works* v. *Degnon Contr. Co.*, 222 N. Y. 34, 37). There is nothing in the record to justify the inference that the bonding company had at one time decided to waive the condition precedent and then had changed its mind.

In our view, there is also no basis in the record for the finding of estoppel. It appeared upon the trial, and it is undisputed, that the attorney handling the matter for the plaintiff was unaware of the fact that the enforcement of the lien was a condition precedent to the bonding company's liability and he remained unaware of that fact until July, 1954, when the motion for judgment on the pleadings was made. He gave no attention to the exact date when the lien would expire under the statute; it is apparent that he did not concern himself with the lien but relied, mistakenly, upon the plaintiff's right to recover against the contractor and the bonding company in the pending action. It is conceded by the plaintiff's attorney in his brief upon this appeal that the bonding company was not under any duty to make its motion addressed to the sufficiency of the complaint earlier than it did or, in any other way, to give warning to the plaintiff that the foreclosure of the lien was a condition precedent to its liability, prior to the time when the lien expired. Even

if it is assumed, *arguendo,* that the bonding company knew of the defect in the plaintiff's action and deliberately refrained from bringing it up until the lien had expired, no estoppel may be based on this fact, in the absence of any misleading conduct. "Mere silence on defendant's part is not enough" (*Lord Constr. Co.* v. *Edison Portland Cement Co.,* 234 N. Y. 411, 416).

The principal ground upon which an estoppel is claimed is that the attorney who represented both the contractor and the bonding company entered into settlement negotiations with the plaintiff and made certain statements at a settlement conference held on January 23, 1954, in the office of the plaintiff's attorneys, which are claimed to have misled them. At that conference, all four partners in the plaintiff partnership were present, together with one of their attorneys, and one of the officers of Dan-Bar, together with its attorney. No officer or employee of the bonding company was present. There is no evidence that the bonding company was invited to the conference or that it was ever notified of what was said or done at the conference. There was no mention of the bonding company at any time during the conference. It seems that there was a dispute as to the amount owing to the plaintiff by the contractor, turning upon the question of the number of cubic yards to be credited for unclassified excavation work. According to the plaintiff's proof, which was uncontradicted, the attorney for the defendants stated that " the only real controversy was over some excavation yardage ", that that was the only real question and when that was disposed of, " you will get your money promptly ". The conference terminated with an assurance by the defendants' attorney that " he was sure that he could raise $5,000 right away and probably $10,000 " and " the rest would take a little time to work out "; that he would go back to talk to one of the officers of the contractor and " notify us [the plaintiff's attorneys] further in the matter ". It seems clear to us that, in the settlement negotiations, the payment which was contemplated was a payment by the contractor and the statements indicating that there was no dispute as to liability, except as to the amount of the one item in controversy, referred solely to the liability of the contractor. No other inference could reasonably be drawn from the evidence. The reference to raising the funds for an initial payment and to taking time to work out the balance obviously referred to payments by the contractor and could not have referred to a payment by the bonding company. The fact that the attorney for the contracting company was also the attorney for the bonding company is immaterial in these circumstances, since no statement that he made can reasonably be con-

strued as a representation that the bonding company conceded liability or that it raised no question as to its liability except as to the amount of the claim. The plaintiff's attorneys were not misled by any statement as to the liability of the bonding company.

Later, on March 25, 1954, the defendants' attorney advised the plaintiff's attorneys by letter that '' we were unable to raise any funds to offer you '' and that, for that reason, he had not communicated with the plaintiff's attorneys earlier. In this letter, he also raised a question about the right of the plaintiff to maintain an action at law against either defendant in view of the fact that a lien had been filed and he asserted that '' Once a lien was filed, a direct contract action was precluded ''. He also stated in this letter that the bonding company had been after him on several occasions to move to dismiss the action on this ground but that he had not done so because he had been hopeful that an amicable settlement could be reached. The plaintiff's attorney argues that this letter indicates that the defendants' attorney knew, at the time he carried on the settlement negotiations, that the foreclosure of the lien was a condition precedent to the liability of the bonding company, but the letter indicates on its face that the defendants' attorney was confused and he did not understand, even as late as the date of the letter, the true nature of the bonding company's objection to the sufficiency of the complaint. As a matter of fact, the plaintiff's attorney got no inkling of the point as to the condition precedent out of the letter and he replied to the letter by citing cases holding that a lienor could sue the contractor at law despite the fact that he had filed a lien. If the letter of March 25, 1954 has any relevance, it indicates that the bonding company had sought to induce the attorney who was then representing it to make a motion to dismiss the complaint at an earlier time. In any event, even if we assume that the attorney for the bonding company knew of, and correctly understood, the nature of the defect in the plaintiff's action prior to the time when the lien expired, he was not under any obligation to bring this to the attention of the plaintiff, provided that he did not make any representation or statement which might lead the plaintiff to believe that the bonding company recognized that it was liable to the plaintiff in the situation as it then stood or that there was no condition precedent which had to be complied with in order to enforce its liability. As we have seen, no such statements or representations were made; the statements made by the defendants' attorney in the course of the settlement negotiations were made solely with respect to the liability of the contractor.

96

The judgment appealed from should be reversed on the law and the facts and the complaint dismissed, without costs.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Judgment reversed, on the law and facts, and complaint dismissed, without costs.