Kenneth S. MacAffer, J.
This is a motion by the defendants, Mechanical Installations, Inc. and National Surety Corporation, for an order dismissing the second cause of action set forth in the complaint on the ground that the allegations contained in such second cause of action fail to state facts sufficient to constitute a cause of action.
The first cause of action alleged in the complaint seeks to foreclose a mechanic’s lien filed by the plaintiff for certain material furnished by it to a subcontractor on a public improvement constructed by the defendant, New York State Thruway Authority. The second cause of action incorporates the allegations of the first cause of action and further alleges that the defendant National Surety Corporation furnished a bond pursuant to section 137 of the State Finance Law guaranteeing payment of materialmen’s claims remaining unpaid. Such second cause of action also alleges that the moneys in the hands of the Thruway Authority are not sufficient to satisfy all persons and corporations claiming liens on such funds.
Section 137 of the State Finance Law provides in part: “ and a materialman, in order to secure any such rights and benefits, *129 shall file and enforce a mechanic’s lien pursuant to the provisions of the lien law.” It is the contention of the movants that since the second cause of action does not allege that the plaintiff has filed and enforced a mechanic’s lien that it is insufficient in law on the face thereof.
There can be no question that for the plaintiff to recover on the bond furnished pursuant to section 137 of the State Finance Law it must appear that it has filed and enforced a mechanic’s lien for its claim. (Triple Cities Constr. Co. v. Dan-Bar Contr. Co., 285 App. Div. 299, affd. 309 N. Y. 665; Westchester Asphalt Distr. Corp. v. Yonkers Contr. Co., 4 A D 2d 774.)
However, there is no particular reason why the enforcement of the mechanic’s lien by foreclosure in a proper action must proceed and be concluded before an action may be brought on the bond. Both the attempted enforcement of the mechanic’s lien and the action on the bond may properly be brought in one action. The trial court has sufficient flexibility in an equity action to deal with alternative or successive relief. The enforcement of both remedies in one action was not questioned in the case of Chittenden Lbr. Co. v. Silberblatt & Lasker (288 N. Y. 396). In neither the case of Triple Cities Constr. Co. v. Dan-Bar Contr. Co. (supra) nor the case of Westchester Asphalt Distr. Corp. v. Yonkers Contr. Co. (supra) was the enforcement of the mechanic’s lien sought in the action to enforce the bond.
The motion is denied, without costs. Plaintiff to submit order.