Frank A. Gnlotta, J.
This is an application by the owner of land for an order canceling an undertaking which it caused to be filed heretofore in order to discharge a mechanic’s lien wherein there has been no appearance by the lienor.
The lien for $5,454.50 was filed October 30, 1959. It was discharged by an undertaking for $5,800 filed November 18, 1959. It has not been renewed within one year from the date of filing and accordingly it has ceased to be a valid lien. (Lien Law, § 19, subd. 2.)
Applicant has treated this as though it were a motion made in a pending action and accordingly has served the attorney who filed the lien with notice of the application by mail.
This is of questionable validity since there was no action or proceeding pending prior to petitioner’s starting this one. Actually there is no specific authority for maintaining such a proceeding at all, since the statute merely provides that the lien expires, without making any provision for implementing its demise with an order and early appellate decisions held such an order to be improper and unauthorized. (Matter of Rudiger, 118 App. Div. 86 ; Martens v. O’Neill, 131 App. Div. 123.)
Without discussing these cases, the First Department came to an opposite conclusion in Matter of Malafsky v. Becker (255 App. Div. 444) and cancelled a lien and the bond which had been given to discharge it, after the lien had expired by operation of law for failure to foreclose it.
Similarly in Alba Cont. Corp. v. Rich Bldg. Corp. (N. Y. L. J., Aug. 25, 1948, p. 310, col. 3) an owner was permitted to maintain a proceeding for the return of his money where he had *459 previously discharged the lien by a deposit under section 20 and the lienor had allowed more than one year to elapse without entering an order extending the lien or starting an action to foreclose it.
As to time and method of service of notice to begin these various proceedings however, the Lien Law leaves something to be desired in the way of clarity and definiteness. Subdivision 2 of section 19 specifies neither time nor method for canceling a lien because of the lapse of one year without renewal. Subdivision 4 has elaborate provisions for serving notice that the lien will be discharged by undertaking, where the lienor cannot be found or does not “ appear ” by attorney, but none for any proceedings to follow. Incidentally, “ appear” is a somewhat equivocal expression in this context, since all an attorney could have done at this stage is indorse his name on the notice of lien. Subdivision 6 dealing with cancellation for defects appearing on the face of the lien, requires five days’ personal service, or in such manner as court directs, where the lienor cannot be found. Section 20 requires that an application be made on notice, specifying neither time nor method. Lastly, section 59 which provides a method for bringing these matters to a head by service of a notice requiring the lienor to foreclose or suffer the cancellation of his lien, requires personal service or substituted service at the lienor’s residence.
This is a hodgepodge which should commend itself to legislative systematization. In the meantime this court is of the opinion that these applications should be treated as special proceedings and where no method of service is prescribed, they should be initiated by an order to show cause, in which the court fixes the time and method of service. See Matter of Callahan (262 App. Div. 398, motion for leave to appeal dismissed 287 N. Y. 743) where the court at page 399 points out the difference between a motion and a special proceeding in these words: “ The difference between them is that the one is an application in a proceeding already pending or about to be commenced, on which it depends for jurisdiction, while the other is an independent prosecution of a remedy, in which jurisdiction is obtained by original process. A motion is not a remedy but is based upon some remedy and is always connected with and dependent upon the principal remedy.”
The instant application is denied, without prejudice to renewal on proper papers.