Owen McGivern, J.
This is a motion by plaintiff for summary judgment. Defendant Golden received a contract from the State of New York on March 11,1960 for the reconstruction of a State highway in the County of Essex.
As a condition precedent to said award the said defendant and defendant Peerless Insurance Company filed a surety bond under section 137 of the State Finance Law, guaranteeing prompt payment of all moneys due to all persons supplying defendant Golden with labor and materials employed and used under said contract. Plaintiff furnished structural steel to defendant Golden at a stipulated price of $50,202.38, and it was delivered.
Golden defaulted in the performance of its contract, and it was cancelled by the State, which called upon Peerless to complete the contract. This was refused, and the State relet the contract to another contractor at a price greater than the unpaid balance of the Golden contract. Accordingly, no moneys will become due to Golden from the State of New York.
Plaintiff seeks in its first cause of action to foreclose its lien and, in its second cause, seeks recovery from defendant Peerless Insurance Company on its bond.
Defendant Peerless asserts (1) that while plaintiff has a lien, such lien cannot be satisfied, because the moneys, if any, due *427 from the State to defendant Golden are insufficient therefor, and (2) asserts a setoff in the sum of $976.18 for alleged corrective work on the part of Golden on some of the materials furnished by plaintiff.
Section 137 of the State Finance Law was enacted to assist laborers and materialmen in the collection of their just claims. It asserts in part that if a court shall find a materialman has a valid lien but that such lien cannot be satisfied because the moneys due from the State are insufficient therefor, the material-man may, nevertheless, if he is a beneficiary of a bond required by the Comptroller, bring action to recover the amount of such lien.
In Albany Steel & Iron Supply Co. v. Mechanical Installations (13 Misc 2d 128) the court held that where a bond had been furnished guaranteeing payment of a materialman’s unpaid claim for materials furnished on a public improvement, it was not necessary that enforcement of a mechanic’s lien by foreclosure precede an action brought on the bond, and both attempted enforcement of a mechanic’s lien and action on the bond could properly be brought in one action.
In Chittenden Lumber Co. v. Silberblatt & Lasker Inc. (288 N. Y. 396) plaintiff filed a mechanic’s lien for materials supplied in a public improvement. Two causes of action were alleged, the first to enforce the mechanic’s lien, and the second to enforce the liability of a surety company on the bond. Defendants contended that plaintiff could not recover upon the bond since, as a condition precedent, it was necessary that it enforce its mechanic’s lien. The court sustained the joining of both causes of action and awarded judgment on the bond in the second cause of action.
It is clear from the facts herein that no moneys are due or will be due to defendant Golden from the State of New York, said defendant having defaulted on its contract with the State. The partial defense and setoff has not been satisfactorily proven, nor is there any affidavit submitted in support of the allegation that corrective work was performed. The defenses must fall. The motion is granted.