Bernard Newman, J.
Upon the foregoing papers this motion by defendant, Boynwat Properties, Inc., for leave to reargue its motion for an order dismissing the complaint herein is granted; and upon such reargument the prior order of this court dated August 3,1962, is vacated, and the motion disposed of as follows: This action was instituted for the foreclosure of a mechanic’s lien filed by plaintiff March 13, 1961. The summons and complaint herein were served upon the Secretary of State April 4, 1962, more than one year after the filing of the notice of lien, and was at that time barred by section 17 of the Lien Law. Plaintiff contends that since the notice of pendency of this action was filed March 1, 1962 (less than one year after filing of the notice of lien), section 120 of the Civil Practice Act extends the time for commencing suit for 60 days. That contention is invalid. The one-year period set forth in the Lien Law is self-executing, and the expiration of that period, without obtain *127 ing an order continuing the lien or commencing the action to foreclose, extinguishes the lien (Matter of Pennington, 129 N. Y. S. 2d 360). Section 120 of the Civil Practice Act concerns only actions to recover judgments affecting title to or possession of realty, and is inapplicable to mechanic’s liens (Guevremont v. Tracy, 20 Misc 2d 406). Accordingly, the portion of the complaint seeking foreclosure of the lien against the moving defendant is dismissed. Plaintiff may still assert its rights exclusive of the lien.