Daniel G. Albert, J.
On this motion," the petitioner seeks an order canceling a notice of pendency of an action, and an undertaking, filed with the court to discharge a mechanic’s lien. The application was commenced by notice of motion and petition, and served on the respondent’s attorney. The respondent claims that the service is defective, and that the proceeding must be initiated by an order to show cause in which the court directs the manner and time of service.
This court in Matter of Jericho Jewish Center v. Hibner (28 Misc 2d 458) did hold that an application of this type should be instituted by an order to show cause. However, there is no statutory provision which mandates this procedure. The cited case recognized this fact, and directed a renewal of the application by order to show cause because the ordinary notice of motion presumably did not come to the attention of the lienor, since no one appeared in opposition. While the procedure described in the Jericho Jewish Center case may be preferable, it is not mandatory particularly where actual notice of the application is received by the lienor, as in this case. It may also be noted that an ordinary notice of motion was utilized to discharge an undertaking without objection in Matter of Wilbraham Realty Corp. (212 App. Div. 304). Since the lienor here does not dispute that more than one year has elapsed from the date of filing the lien without it having been renewed or an action started thereon, it has ceased to be a valid lien. The motion is granted.