■ NEW ROCHELLE ROOFING, CORNICE & SKYLIGHT WORKS, INC., Respondent, v. GEVYN CONSTRUCTION CORPORATION et al., Appellants, et al., Defendant.— Appeals by defendants Gevyn Construction Corporation and The Travelers Indemnity Company, (a) as limited by their brief, from so much of an order of the Supreme Court, Westchester County, dated October 27, 1967 and entered December 1, 1967, as (1) denied their motion for partial summary judgment dismissing plaintiff's second cause of action on a labor and material bond, (2) granted summary judgment to plaintiff on that cause of action and (3) failed to grant summary judgment to defendant Gevyn Construction Corporation on its counterclaim for damages pursuant to sections 39 and 39-a of the Lien Law, and (b) from an order of the same court, dated and entered May 15, 1968, which denied their motion for leave to reargue and renew their above-mentioned motion for summary judgment. Order dated October 27, 1967 modified, on the law, (1) by striking therefrom the provisions which denied appellants' motion for partial summary judgment on plaintiff's second cause of action, and granted plaintiff summary judgment thereon and directed an assessment of damages thereon, and (2) by substituting therefor a provision granting appellants' said motion. As so modified, order affirmed insofar as appealed from, without costs. Appeal from order dated May 15, 1968 dismissed as academic, without costs. The labor and material bond upon which plaintiff's second cause of action is based was furnished by appellants pursuant to section 137 of the State Finance Law as amended in 1945 (L. 1945, ch. 480). Under that section, the prior filing and enforcing of a valid mechanic's lien is a condition precedent to suit on such a bond (*Westchester Asphalt Distr. Corp.* v. *Yonkers Contr. Co.*, 4 A D 2d 774, affd. 4 N Y 2d 751; *Triple Cities Constr. Co.*

v. *Dan-Bar Contr. Co.,* 285 App. Div. 299, 992, affd. 309 N. Y. 665). By the terms of its contract with defendant Gevyn Construction Corporation, plaintiff waived its rights to file and enforce a mechanic's lien for sums due under the contract. Accordingly, appellants are entitled as a matter of law to summary judgment on plaintiff's cause of action upon the labor and material bond. Christ, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.