Harold L. Wood, J.
Motion by plaintiff for an order directing the Commissioner of Finance of' the County of Westchester to pay to plaintiff the sum of $1,562.93, plus accrued interest, less his lawful fees.
It appears from the papers in support of the application that the afore-mentioned sum was deposited to discharge a mechanic’s lien heretofore filed by defendants on or about January 7, 1972 and no action having been taken to foreclose the same nor any order procured extending it, plaintiff seeks reimbursement for the money paid to discharge the lien.
Defendants resist the application on several grounds. First, that there is no allegation in the moving papers that plaintiff’s counsel is authorized to institute the instant application. Second, the deposit cannot be repaid until the lien is discharged by order of the court and third, that, pursuant to section 59 of the Lien Law, movant must proceed by order to show cause and must set forth the requirements enunciated in section 59 of the Lien Law.
The court will consider these objections seriatim.
The first ground advanced appears specious. The court is justified in assuming that counsel for plaintiff, as an officer of the court, is authorized to institute the instant application.
The court cannot agree with defendants’ second objection. No authority is cited for that proposition. Bather “ The expiration of a lien due to failure to enforce or continue it within a certain period of time is a ground for discharge both as to private and as to public liens. There is no requirement for an order or other action canceling of record a lien which has expired by force of the statute ”. (16 Carmody-Wait 2d, New York Practice, § 97:130 [emphasis supplied].)
*1065 Section 19‘ of the Lien Law provides, in pertinent part, that
“ A lien * * * may be discharged as follows:
“ (2) By failure to begin an action to foreclose such lien or to secure an order continuing it, within one year from the time of filing the notice of lien * * *
“ (3) By order of the court vacating or cancelling such lien of record, for neglect of the lienor to prosecute the same, granted pursuant to section fifty-nine of this chapter.”
It must be noted that the statute does not, by its terms, specify the need for an order discharging the lien; rather the statute is self executing and failure to foreclose the lien or secure its extension by order within one year after filing, extinguishes the lien. (Gelles-Berger Co. v. Boynwat Props., 37 Misc 2d 126.) Yet despite this, it has been held that an owner is entitled to a summary order canceling such lien of record so as to remove any possible cloud on his title. (Matter of Lycee Francois de New York, 26 Misc 2d 374.) Service of such an application may be made on the attorney for the lienor (Matter of Empress Gardens v. Smithtown Water Co., 40 Misc 2d 778).
The court cannot agree with defendants’ contention that, pursuant to section 59 of the Lien Law the instant application must be initiated by order to show cause. First of all, section 59 concerns itself with applications to reduce the one-year limit within which an action to foreclose the lien must be commenced. It is only .when the owner of the property seeks to compel action on the lien prior to the expiration of the one-year limitation that the notice requirements of that section obtain and an order to show cause is required.
While there is some authority to the effect that the instant application should be initiated by order to show cause (see Matter of Jericho Jewish Center v. Hibner, 28 Misc 2d 458), this court finds no justification therefor under the statute (Lien Law, § 19) and is persuaded more by the holding in Matter of Empress Gardens v. Smithtown Water Co. supra, which permits the application iby notice of motion, especially where defendant actually receives notice of the application, as in the case at bar.
Accordingly, the motion is granted in all respects. The Clerk of the County of Westchester is directed to cancel said lien of record and to mark on the docket of such lien a statement of such cancellation with a reference to the order to be submitted hereon and its date of entry. The Commissioner of Finance of Westchester County, on service upon him of a certified copy *1066 of the order to he entered hereon, with notice of entry, shall pay to plaintiff the sum heretofore deposited with him to discharge said lien, with accrued interest thereon, less his lawful fees and commissions, if any.