■ SCM CORPORATION, Respondent, v HUDSON OVERLOOK COMPANY et al., Appellants, et al., Defendants.—In an action to foreclose a mechanic's lien, defendants Hudson Overlook Company and Realopco, Inc., appeal from an order of the Supreme Court, Westchester County, entered June 28, 1976, which denied their motion, *inter alia,* to vacate plaintiff's mechanic's lien and to dismiss the complaint as against them. Order reversed, on the law, with $50 costs and disbursements, and motion granted. Defendants-appellants moved to dismiss the complaint, *inter alia,* on the ground that since the foreclosure action had not been commenced as against them within one year from the date of the filing of the lien by plaintiff, the lien had terminated and was discharged pursuant to the provisions of sections 17 and 19 of the Lien Law. In order to keep a lien alive with certain nonpertinent exceptions, a foreclosure action must be commenced within one year of the filing of the notice of lien (Lien Law, § 17). An action is commenced by the service of a summons on the defendant fee owner or "a co-defendant united in interest with him" (CPLR 203). Timely service of the summons on the codefendant-contractor (Top Painting Corp.) did not constitute commencement of the action against the appellants (see *Martens v O'Neill,* 131 App Div 123; see, also, *Guevremont v Tracy,* 20 Misc 2d 406). Cohalan, J. P., Damiani, Rabin and Titone, JJ., concur.