OPINION OF THE COURT
Gerald Adler, J.
This is an application by Morris Miller, owner of certain property for an order vacating and canceling a mechanic’s lien for failure of the lienor to commence an action to foreclose pursuant to section 59 of the Lien Law.
The lien in question for $77,560 was filed on December 13, 1983 in Kings County. On March 2, 1984, applicant personally served on the lienor a notice requiring it to commence an action to foreclose the lien within 30 days pursuant to section 59 of the Lien Law, or show cause at Special Term, Part I, why the lien should not be vacated. On March 28, 1984, the lienor commenced an action in Bronx County, Supreme Court, to recover $77,560 for breach of a contract to provide services, labor and material.
The lienor contends that this action qualifies as an action to foreclose the lien under section 59 of the Lien Law; that having commenced such an action within the 30-day period, it is in compliance with the law and therefore the instant application should be dismissed.
*274 The court preliminarily addresses the lienor’s contention that the application to cancel the lien is defective in that the application was commenced by notice of motion instead of by order to show cause. Section 59 of the Lien Law does not mandate that the application be brought on by order to show cause. While this procedure may be preferable, it is not mandatory, particularly where actual notice of the application is received by the lienor (Matter of Empress Gardens v Smithtown Water Co., 40 Misc 2d 778). Accordingly, the application is properly before the court for disposition.
Turning now to the merits of the application, section 43 of the Lien Law provides that the provision of the Real Property Actions and Proceedings Law relating to an action to foreclose a mortgage apply to actions to enforce a mechanic’s lien. It is essential, therefore, that the complaint allege an equitable cause of action (16 CarmodyWait 2d, NY Prac, § 97:254). The complaint should at least allege sufficient facts to show that the lien sought to be foreclosed was a valid lien and that the interest of the parties sought to be affected was subject to it (Entenman v Anderson, 106 App Div 149). The complaint, therefore, is insufficient as stating a cause of action for the enforcement of a mechanic’s lien where it does not show that a notice of lien, drawn in conformity with the requirements of statute was duly filed (16 Carmody-Wait 2d, NY Prac, § 97:275).
The complaint filed in Bronx Supreme Court makes no mention of a lien. It is essentially an action on the contract which seeks damages for its breach in the form of the unpaid balance due plus costs. The lienor, therefore, has failed to commence an action to enforce the lien within the required period.
In view of the foregoing, petitioner’s application is granted and the lienor is relegated to its contractual remedy.
The order submitted with the instant application is inaccurately drafted in that it fails to reflect the lienor’s opposition papers.