OPINION OF THE COURT
Memorandum.
Order affirmed without costs.
In this action for breach of contract seeking to foreclose a mechanic’s lien upon defendants’ real property and for breach of contract, the court below properly granted defendants’ motion to vacate the lien.
Lien Law § 59 provides:
“A mechanic’s lien notice of which has been filed on real property or a bond given to discharge the same may be vacated and cancelled or a deposit made to discharge a lien pursuant to section twenty may be returned, by an order of a court of record. Before such order shall be granted, a notice shall be served upon the lienor, either personally or by leaving it as [sic] his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor. Such notice shall require the lienor to commence an action to enforce the lien, within a time specified in the notice, not less than thirty days from the time of service, or show cause at a special term of a court of record, or at a county court, in a county *3 in which the property is situated, at a time and place specified therein, why the notice of lien filed or the bond given should not be vacated and cancelled, or the deposit returned, as the case may be. Proof of such service and that the lienor has not commenced the action to foreclose such lien, as directed in the notice, shall be made by affidavit, at the time of applying for such order” (emphasis supplied).
Contrary to plaintiffs contentions, the court below correctly held that service upon plaintiff of defendants’ notice to enforce the lien by a date certain was properly made. The notice was left with a person of suitable age and discretion at the residence of the sole officer of the plaintiff corporation, whose offices were located in the same premises, as is required by the plain wording of Lien Law § 59. Service pursuant to CPLR 311, which enumerates the requirements for service upon a corporation at the commencement of an action, is not required by the terms of Lien Law § 59. Section 59 is a measure designed to permit property owners to contest the validity of liens placed on their property at the earliest possible time (see e.g. Bretzfelder v Froman, 76 Misc 2d 1063 [Westchester County Ct 1973]).
Although there have been occasional holdings that an application pursuant to Lien Law § 59 must be brought on by order to show cause (see e.g. Matter of Jericho Jewish Ctr. v Hibner, 28 Misc 2d 458 [Sup Ct, Nassau County 1960]), the plain meaning of the statute provides for a choice of procedural approaches. At the option of the party seeking to vacate the lien, the lienor may simply be put on notice that it must commence an action to foreclose the lien by a date certain, not less than 30 days after service of the notice by which, presumably, vacatur of the lien could be sought, or the lienor might be required to show cause why the lien should not be vacated (see Bretzfelder v Froman, 76 Misc 2d at 1065). Indeed, plaintiff commenced the present action in response to defendants’ notice. However, it did not do so timely, within the required 30-day period, and it failed to make any showing to warrant the court’s exercise of discretion in denying vacatur of the lien despite this deficiency (see Matter of Kushaqua Estates v Bonded Concrete, 215 AD2d 993 [1995]; S A F La Sala Corp. v S & H 88th St. Assoc., 138 AD2d 241 [1988]). As noted by the court below, this disposition does not affect plaintiffs remaining cause of action for breach of contract.
Pesce, RJ., Weston Patterson and Golia, JJ., concur.