OPINION OF THE COURT
Kenneth L. Thompson, Jr., J.
The essential question presented in movant’s application to discharge a mechanic’s lien pursuant to section 59 of the Lien Law is whether the service of a notice to commence and to foreclose said lien can be done by certified mail and first-class mail or should the strict language of the statute be followed. “[A] notice shall be served upon the lienor, either personally or by leaving it a[t] his last known place of residence, with a person of suitable age, with directions to deliver it to the lienor.” (Lien Law § 59.) This court answered that question in the negative; the service of notice provision in Lien Law must be strictly followed.
The lien in question was filed on August 17, 2012 and extension of said lien was filed on August 7, 2013 in the office of the Clerk of the County of Bronx in the sum of $32,131.50 against Eastchester Church, Inc.
On December 12, 2013 the lienor was served with a notice pursuant section 59 of Lien Law, requiring lienor to commence action to enforce said lien on or before January 17, 2014.
The affidavit of service indicated that the attorney moving herein served this notice at two addresses of the lienor, one by certified mail, first class and the other by first-class mail on December 12, 2013. Said affidavit is signed by the attorney but is not notarized.
The movant concedes that service of the notice was not made in strict compliance with Lien Law § 59 but states that section 23 of the Lien Law provides that the Lien Law shall be construed liberally. Section 23 of the Lien Law speaks to “the validity of a lien and to give jurisdiction to the courts to enforce the same,” while section 59 of the Lien Law speaks to vacating and cancelling a lien.
*655 Accordingly, movant’s application to discharge a certain mechanic’s lien is denied. Service of notice to enforce the lien by a date certain was not properly made. (See Apollo Constr. & Dev., Inc. v Mazza, 13 Misc 3d 1 [App Term, 2d Dept, 2d & 11th Jud Dists 2006].)