In the MATTER OF AMERICAN BRIDGE CO., INC., Petitioner.
T. A. LARSEN COMPANY, Respondent.

Supreme Court, Special Term, Onondaga County, November 15, 1952.

*Bond, Schoeneck & King* for petitioner.

*Hiscock, Cowie, Bruce, Lee & Mawhinney* for respondent.

McCLUSKY, J.  This is a motion to vacate an order continuing a notice of mechanic's lien filed by the American Bridge Co., Inc., as lienor against funds due under a contract between the Department of Public Works and T. A. Larsen Company for the construction of public improvement in Genesee County in this State.

A notice of lien was filed with the proper State officer on May 31, 1950, by the American Bridge Co., Inc.  No question is raised as to the timeliness of the filing nor as to its form and content.  Thereafter an order was made ex parte continuing the lien for one year from the date of the entry and docketing of the order.  This order was obtained January 30, 1951.  No liens against the fund were filed between November 30, 1950, and January 30, 1951.

On June 8, 1950, Corbett Lumber and Builders Co. of Akron, New York, filed a notice of lien against the same improvement.  Subsequently and in October, 1950, the Corbett company assigned its interest in the lien to the Standard Accident Insurance Company.  This lien has been continued by court orders.  The said insurance carrier was the insurer of the Larsen Com-

pany as to materials and labor upon the project. Later and in November, 1951, the American Bridge Co., Inc., instituted an action for a foreclosure of its lien naming the present movant as one of the parties defendant.

Section 18 of the Lien Law provides for the duration of a lien upon a public improvement. The intent of the section is the same as section 17 of the same law, relative to liens for nonpublic improvement. The latter section provides that the lien may be continued by a court order made within one year of the date of the filing of the lien. Section 18 provides for its continuance by the commencement of an action to foreclose within six months. Then the section reads as follows: " or unless an order be made by the court of record, continuing such lien, and a new docket be made stating such fact ". Does the language therein used give a court of record the right to continue the lien when the application is made after the six months' period?

Section 21 of the Lien Law provides for the discharge of a lien for a public improvement. Subdivision 2 of the section provides for a discharge by lapse of time. It indicates that the passage of time discharges the lien. Two exceptions are provided for to suspend the automatic discharge by passage of time. The section specifies *before the expiration of the period* an order has been secured and filed, or a notice of pendency of an action to foreclose the lien has been filed as provided in section 18. Whatever doubt may arise with reference to the construction of the language of section 18 is resolved by the provisions of section 21. The order must be secured before the expiration of the six months' period.

Several cases are cited in support of the contention that where no rights of creditors or lienors are affected the court may order a continuance of the lien. *Manton* v. *Brooklyn & Flatbush Realty Co.* (217 N. Y. 284) is clearly distinguishable from the case at bar. In that case an order continuing the lien was secured within the statutory period. It was filed timely but the fee was not paid and the County Clerk did not redocket the lien. The court held that the lien was valid. The determining factor was whether or not the failure to pay the fee nullified the order. In the instant case, the order was secured several months after the statutory period.

In the case of *Italian Mosaic & Marble Co.* v. *City of Niagara Falls* (131 Misc. 281) an order was secured before the expiration date but it was not filed with the proper officers until several months later. This continuance was sustained. But it

should be pointed out that the then existing law did not contain the provisions of the present paragraph (a) of subdivision 2 of section 21. Under such conditions that case is not authority for the lienor's contentions here.

A third case cited is *Dick Sand Co.* v. *State of New York* (137 Misc. 622). There a lien was continued by a court order made six days after the statutory period. It should be noted that subdivision 2 of section 21 of the Lien Law was amended the year after the action accrued and subsequently in 1936. The pertinent change was with reference to the time the order was to be secured. That case is not an authority under the circumstances for the respondent's position herein.

The decision of Justice PERSONIUS in *Wehle Elec. Co.* v. *Kallock* (167 Misc. 598) is authority only for the claim that an order for extension of a lien cannot be collaterally attacked.

In the case at bar it is attacked directly. The decision, therefore, is authority for the procedure followed in the case at bar.

The court is of the opinion that the order continuing the lien made on January 30, 1951, shall be vacated. Prepare order accordingly.