■ ELIAS H. KAHN, Respondent, v. SAMSON MANAGEMENT CORP., Appellant.— In a negligence action to recover damages for personal injuries, defendant appeals from an order of the Supreme Court, Westchester County, dated November 5, 1973, which denied its motion to dismiss the action for failure to serve a complaint and granted plaintiff 20 days to serve the proposed complaint. Order reversed, in the exercise of discretion, without costs, and motion granted. To justify his failure to serve a complaint in more than 29 months, plaintiff's counsel offered the familiar "law-office-failure" excuse, which this court has repeatedly rejected as patently insufficient (*Felter* v. *217 Centre Corp.*, 38 A D 2d 840, and cases cited therein). Under these circumstances, we believe Special Term should have granted the motion to dismiss. Gulotta, P. J., Hopkins, Martuscello and Cohalan, JJ., concur; Shapiro, J., dissents and votes to modify the order by adding thereto a provision that plaintiff's attorney personally pay $250 costs to defendant and to affirm the order as so modified.

■ LYDIA MAMMARELLA, as Administratrix of the Estate of DOMINICK MAMMARELLA, Deceased, Respondent, v. CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants.— In this action to recover damages for wrongful death, defendants appeal from a judgment of the Supreme Court, Queens County, entered November 17, 1972, in favor of plaintiff, upon a jury verdict of $55,000. Judgment reversed, on the law, and new trial granted, with costs to abide the event, unless, within 30 days after entry of the order to be made hereon, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in her favor to $20,000 and to the entry of an amended judgment in accordance therewith, in which event the judgment, as so reduced and amended, is affirmed, without costs. We have considered the questions of fact and have determined that we would not grant a new trial upon those questions. All of the defendants, in two separate demands for bills of particulars, asked that plaintiff state the place of her intestate's employment and the loss of earnings claimed. Defendant Gerosa also demanded that "an itemized list of any of the damages suffered in connection with the death of the deceased" be set forth. In regard to the general demand regarding employment and earnings, plaintiff stated: "Not applicable". In response to the itemized list of damages incurred as a result of the death of the deceased, plaintiff stated: "Not claimed". Gerosa also demanded that plaintiff state the "loss of earnings with name and address of employer," as an item sought for special damages. Plaintiff responded that this item was "not applicable". At the trial, over the objection of defendants, the court received proof that the deceased was employed and his earning records were permitted in evidence. The trial court erroneously permitted evidence as to future earnings when plaintiff had disavowed such earnings as "not applicable" in this case. Deducting from the amount awarded by the jury the totals of such items and considering the other factors in the case, the verdict was excessive to the extent indicated herein. Gulotta, P. J., Hopkins, Martuscello, Shapiro and Munder, JJ., concur.