John H. Pennock, J.
This is a motion by the defendants seeking dismissal of the complaint and directing summary judgment in favor of the defendants pursuant to CPLR 3212.
The complaint, under date of June 24, 1976, is one to foreclose a lien on real property. The plaintiff alleges that a valid notice of mechanic’s lien was duly filed in the office of the Albany County Clerk and served upon the defendant John D. Stout on or about the 17th day of July, 1970. The mechanic’s lien was in the amount of $4,631.51, said claim being based upon labor and materials used for improvement of the real property against which the above lien is claimed.
The complaint further alleges that the above lien has been duly extended and continued by court orders dated and filed on July 13, 1971; July 12,1972; July 9, 1973; July 8, 1974, and July 14, 1975.
The defendants, by their answer, allege as an affirmative defense that said lien has expired and was discharged by operation of law. They rely on section 17 of the Lien Law, contending that the order of July 8, 1974 continuing the lien for one year was effective only until July 8, 1975 at which time the lien lapsed. The defendants further contend that the order of July 14, 1975 was ineffective to continue the lien since there was no lien to continue, it having expired six days earlier on July 8, 1975.
The court agrees with the defendants and finds the order of July 14, 1975 ineffective to continue the "lien”.
Section 17 of the Lien Law provides that, "No lien shall be *242 continued by [order of the court] for more than one year from the granting thereof’. Thus the order of July 8, 1974 continued the lien only until July 8, 1975 at which time such was discharged by operation of law (Lien Law, § 19, subd [2]).
Once the lien has lapsed any order purporting to continue such lien is ineffective. (Lien Law, §§ 17, 19, subd [2]; Matter of American Bridge Co. [Larsen Co.], 204 Misc 131; Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498, 501; Bretzfelder v Froman, 76 Misc 2d 1063, 1065.)
Accordingly, the motion is granted in all respects. The complaint is dismissed. Summary judgment in favor of the defendants and against the plaintiff is ordered upon the ground that the "lien” in question did not exist at the commencement of the above-entitled action, it having been discharged by operation of law on July 8, 1975.