■ DONALD Y. ZAPATA, an Infant, by His Father and Natural Guardian, GAVINO A. ZAPATA, et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. — Judgment, Supreme Court, New York County (Ethel B. Danzig, J.), entered on February 24, 1982 in favor of the plaintiffs, modified, on the law, the facts and in the exercise of discretion, so as to strike that portion of the judgment which reflects the jury verdict for loss of earnings and a new trial ordered solely on such issue and, as thus modified, the judgment is otherwise affirmed, without costs and without disbursements. On March 6, 1974, plaintiff Donald Zapata, then 13 years old, was playing with friends in a city park. As they had done in the past, he and his friends went through a missing section of the park fence, climbed over a retaining wall to an adjacent Penn Central right of way, and began playing on the boxcars of a halted train. The train started up. The children attempted to jump to safety, but the infant plaintiff fell and his legs were crushed. Eventually his left leg was amputated below the knee and his right leg was left permanently impaired. The city argues on appeal that the infant plaintiff's recovery should be barred by his contributory negligence as a matter of law. (CPLR art 14-A was not then in effect; see CPLR 1413.) The determination of contributory negligence is almost always a question of fact (*Wartels v County Asphalt,* 29 NY2d 372, 379) and especially is this true in the case of an infant since his age, intelligence and development are matters to be weighed (see *O'Connor v G & R Packing Co.,* 53 NY2d 278, 283). Here the evidence properly presented a question of fact for the jury. Neither do we find any merit in the city's claims of error in rulings on the admission of evidence, assumption of risk or proximate cause. The defendant city also argues that the weight of the evidence militates against the jury's exoneration of Penn Central and the assessment of total liability against the city. The latter's negligence was firmly established by the testimony of its employee from the Department of Parks that he knew of the missing section of fence and its potential hazard, that he reported this to his superiors, but that his efforts to obtain repair of the fence were unavailing. Since there was no evidence that the railroad knew of the presence of children on the day of the accident, and since, even if a warning whistle had been blown from the front of the train 20 blocks away, there was no evidence that the infant plaintiff could have heard it or known of its significance, the jury's exoneration of Penn Central was a reasonable determination. We cannot conclude that the award of $750,000 for pain and suffering is excessive. The infant plaintiff's injuries are permanent and it is undisputed that he has suffered and will continue to suffer pain and the inability to walk or stand for any prolonged period of time. (See *Cover v Cohen,* 92 AD2d 928.) Finally, the defendant city argues that the award of $500,000 for impairment of future earnings has no proper basis in the evidence and is also procedurally defective. For the latter reason we find that a new trial on this issue is warranted. In response to the defendant's demand for particulars, the plaintiff's bill stated "No loss of earnings is claimed as infant plaintiff was a student". At trial, however, evidence of lost earnings was permitted over the city's objection because, according to the explanation of the plaintiff's attorney which was accepted by the court, the demand did not seek disclosure of any claim for lost *future* earnings. We find this explanation inadequate, if not suspicious. In any event, the city was prejudiced by a lack of opportunity to prepare for this proof and in the interest of justice this issue should be retried (see *Mammarella v Consolidated Edison Co. of N. Y.,* 44 AD2d 571; Siegel, NY Prac, § 242). Concur — Bloom, Lynch and Kassal, JJ. Asch, J. P., and Fein, J., each dissent in part, in separate memoranda as follows:

Asch, J. P. (dissenting in part). I would affirm the judgment appealed from in its entirety. The demand for the bill of particulars served by the defendant-appellant requested information regarding his loss of earnings, with name and

address of employer. The plaintiff correctly stated in response that "[n]o loss of earnings is claimed as infant plaintiff was a student." *Mammarella v Consolidated Edison Co. of N.Y.* (44 AD2d 571), cited by the majority for the proposition that the city was prejudiced by a lack of opportunity to prepare for the proof offered at trial of lost, future earnings, is inapposite. That case was a wrongful death action and the defendant demanded particulars as to the deceased's employment and loss of earnings. Plaintiff responded to that portion of the demand with "not applicable" but at trial was allowed to prove that the deceased was employed and to show his earnings. This was determined to be erroneous. Here, on the other hand, the city simply asked for a statement of *past* earnings, as evidenced by the request for "name and address of employer." Unlike *Mammarella,* plaintiff's bill of particulars responded correctly to this demand. If the city had asked for a statement regarding impaired future earning capacity in its demand, and plaintiff had not responded, the claim of prejudice would have some substance. There was obviously no surprise or lack of opportunity for the city to prepare for the proof of impaired future earnings in a case where the plaintiff was a boy who had one leg amputated and the other permanently impaired and where the *ad damnum* sought five million dollars.

Fein, J. (dissenting in part). I concur with Justice Asch and with his reasons for affirming *in toto.* I would add only that it stands undisputed on the record that at a calendar conference, some five weeks before the trial, plaintiffs' attorney made known to defendants' attorneys that testimony in support of the claim for future lost earnings would be offered upon the trial. No claim of surprise or other apparent objection was then made. No application was made for time to prepare to defend against the claim. It is difficult to accept the conclusion that these defendants were unaware, until the proffer of such testimony, that an infant as impaired as this plaintiff would sustain a substantial loss of earnings over his lifetime.