■ TRI-STATE ALUMINUM PRODUCTS, INC., Appellant, v NELLIE WECHER, Respondent.—In an action to recover damages for breach of contract, the plaintiff appeals from a judgment of

the Supreme Court, Nassau County (Kelly, J.), dated March 27, 1985, which, after a nonjury trial, is in favor of the defendant on her second counterclaim and against it, in the amount of $16,000.

Ordered that the judgment is reversed, and a new trial is granted, limited to the issue of damages with respect to the defendant's second counterclaim, with costs to abide the event. The findings of fact as to liability are affirmed.

The defendant Nellie Wecher entered into a contract with the plaintiff Tri-State Aluminum Products, Inc. (hereinafter Tri-State) to have Tri-State, *inter alia,* install a picture window and put aluminum siding on her house. After Tri-State installed the window and siding and demanded payment, Wecher refused to pay, contending that the job had not been done properly and in conformance with the contract. Thereafter, Tri-State commenced this action to recover the contract price, and Wecher counterclaimed, *inter alia,* to recover the cost of correcting the alleged defects.

A review of the record indicates that the trial court properly found that the plaintiff had failed to establish its entitlement to any part of the contract price, thereby warranting dismissal of its complaint.

However, we find that a new trial is required with respect to the issue of damages awarded upon the defendant's second counterclaim. This counterclaim alleged, in pertinent part, that Tri-State had removed an "apron" or "lip" between the first and second floors of the house, without authority; it had not supplied separate "backer board" insulation as required by the contract; and that the job had not been done in a workmanlike manner. Thus, it was alleged that it would be "necessary to completely re-side the house and to restore said lip and apron in said premises" at a cost of "$20,000". In response to Tri-State's demand for a bill of particulars with respect to the defendant's second counterclaim, asking the defendant to "[s]tate specifically and in complete detail the nature of the alleged defects" Wecher responded, "Not Applicable." However, at the trial, Wecher was permitted to introduce evidence of the cost of repairing defects in the job other than the removal of the lip and the lack of backer board with respect to her claim for monetary damages, over Tri-State's specific objection that these other defects were not alleged in Wecher's bill of particulars. Specifically, Wecher's expert witness testified that his estimate of $16,000 (the amount awarded to Wecher), included not only the cost of restoring

the lip and reinstalling the siding with backer board, but also the cost of repairing other defects.

We find that the admission of the evidence regarding the cost of defects not alleged in the defendant's pleadings constituted reversible error. As this court stated in *Sharkey v Locust Val. Mar.* (96 AD2d 1093, 1094-1095, *mots to dismiss appeal granted* 61 NY2d 669), "A variance [between the pleadings as amplified by the bill of particulars and the proof adduced at trial] may be disregarded unless it can be said to have misled an adversary and occasioned prejudice * * * A variance is prejudicial where the matters pleaded are such that an adversary could not have been reasonably expected to have prepared for the variance at trial * * * Where there is such a variance an adverse party has the right to insist upon the primacy of the bill of particulars" *(see also, Mammarella v Consolidated Edison Co.,* 44 AD2d 571). Here, Tri-State "could not have been reasonably expected to have been prepared for the eventuality that the [defendant's] expert would be permitted to testify as to [the cost of] defects that were in no way alleged in the bill of particulars" *(Sharkey v Locust Val. Mar., supra,* at 1095).

Accordingly, a new trial is warranted with respect to the damages to be awarded to the defendant upon her second counterclaim. Thompson, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.