■ ALLAN L. PULLIN et al., Respondents, v BENJAMIN FEINSOD, Appellant, et al., Defendants.—In a purported stockholders' derivative action, *inter alia,* to compel an accounting of the assets of the defendant Benfine Jewelry Manufacturing

Co., the defendant Benjamin Feinsod appeals from an order of the Supreme Court, Nassau County (Wager, J.), dated May 21, 1987, which denied his motion to dismiss the complaint.

Ordered that the order is modified, by deleting the provision thereof which denied those branches of the defendant's motion which were for summary judgment dismissing the first, second, fourth and fifth causes of action asserted in the complaint and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

It is clear from the record that the stock warrants upon which the plaintiffs base their right to bring a derivative action were not operative because they were never signed. The plaintiffs were therefore not holders of those warrants, and are not the beneficial owners of shares of stock in the defendant corporation within the meaning of Business Corporation Law § 626 (a). Consequently, the Supreme Court erred in denying those branches of the defendant Feinsod's motion which were to dismiss the first, second, fourth and fifth causes of action asserted in the complaint. However, the court properly declined to dismiss the third cause of action, which is pleaded in the plaintiffs' individual capacity. Sufficient facts are stated to make out a cause of action for breach of contract and it does not matter that the plaintiffs have mislabeled their cause of action (see, CPLR 3026, 3013; Diemer v Diemer, 8 NY2d 206, 212). Thompson, J. P., Spatt, Sullivan and Harwood, JJ., concur.