■ NICHOLAS CIRIELLO et al., Appellants, v MATTHEW VIRGUES et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Queens County (Katz, J.), entered April 25, 1988, which, upon a jury verdict, is in favor of the plaintiff Grace Ciriello and against the defendants in the principal sum of $50,000 and in favor of the plaintiff Nicholas Ciriello and against the defendants in the principal sum of $5,000.

Ordered that the judgment is affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

This case arises out of an accident during which the plaintiff Grace Ciriello was injured when she was struck by a truck owned by the defendant Port Distributing Corp. and operated by the defendant Matthew Virgues. The accident took place on the premises of the defendant Grand Union Company.

The issues raised on appeal involve certain rulings by the trial court during the damage phase of the trial. Specifically, the plaintiffs argue that the trial court erred by striking the testimony of their medical expert regarding a physical examination of the plaintiff Grace Ciriello which occurred a few days before trial on the ground that no report of that examination had ever been furnished to the other parties.

22 NYCRR 202.17 (h) provides, in pertinent part: "unless the [justice] presiding at the trial in the interests of justice and upon a showing of good cause shall hold otherwise * * * no party shall be permitted to offer any evidence of injuries or conditions not set forth or put in issue in the respective medical reports previously exchanged, nor will the court hear the testimony of any treating or examining physicians whose medical reports have not been served as provided by this rule".

It is undisputed that the plaintiffs never furnished a report about the examination which occurred shortly before the trial. Further, the fact that a report never was prepared does not obviate the party's obligation under the rules (see, Pierson v Yourish, 122 AD2d 202). Since the plaintiffs did not make the requisite showing of good cause, the trial court properly struck the expert's testimony concerning that examination (see, Knight v Long Is. Coll. Hosp., 106 AD2d 371; Manoni v Giordano, 102 AD2d 846).

The plaintiffs also contend that the trial court erred by refusing to admit any proof or to charge the jury regarding the claim for loss of services of the plaintiff Grace Ciriello to the corporate business of which Nicholas Ciriello was the sole shareholder. However, we agree with the trial court's determination that the plaintiffs were barred from asserting such a claim since it was never pleaded in the the bills of particulars. The object of a bill of particulars is to " 'amplify the pleadings, limit the proof, and prevent surprise at trial' " (Sharkey v Locust Val. Mar., 96 AD2d 1093, 1094; see also, Bergman v General Motors Corp., 74 AD2d 886). Where there is a vari-

ance between the bill of particulars and the proof adduced at trial, such that the bill of particulars may be said to have misled the adversary and precluded adequate preparation at trial, that adversary has the right to insist upon the primacy of the bill of particulars *(see, Tri-State Aluminum Prods. v Wecher,* 128 AD2d 697; *Sharkey v Locust Val. Mar., supra; Mammarella v Consolidated Edison Co.,* 44 AD2d 571). In this case, the claim of loss of services regarding the husband's business was omitted from the bills of particulars. Indeed, the bills of particulars responded to demands for information regarding the wife's employment by indicating such questions were "Not applicable". The plaintiffs thereby gave the defendants the impression that such a claim would not be raised. Therefore, allowing evidence of that claim at trial would have unfairly prejudiced the defendants. Accordingly, the court properly declined to permit any evidence regarding loss of services to the husband's business *(see, Tri-State Aluminum Prods. v Wecher, supra; Sharkey v Locust Val. Mar., supra; Mammarella v Consolidated Edison Co., supra).*

We have considered the plaintiffs' other contentions and find them to be without merit. Mangano, J. P., Lawrence, Kooper and Rosenblatt, JJ., concur.