■ FRJE HOLDING CORPORATION, Plaintiff, v THOMAS C. JORLING, as Commissioner of the New York State Department of Environmental Conservation, et al., Defendants and Third-Party Plaintiffs-Respondents. ANGIOLI CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendants. (And a Fourth-Party Action.) [598 NYS2d 100] —Mercure, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Economou, J.H.O.), entered August 16, 1991 in Putnam County, upon a decision of the court in favor of defendants and third-party plaintiffs.

In this consolidated action, third-party defendant Angioli Corporation appeals a decision following a nonjury trial in favor of defendants and third-party plaintiffs Commissioner of the Department of Environmental Conservation (hereinafter DEC) and the State of New York (hereinafter collectively referred to as the State) determining, as relevant to this appeal, that Angioli knowingly permitted illegal dumping on its property (hereinafter the site) near Ludingtonville Road in the Town of Kent, Putnam County, on February 19, 1988 and awarding a monetary judgment in favor of the State. The contentions advanced by Angioli lack merit and we accordingly affirm.

The evidence adduced at trial established that Angioli applied to DEC in 1985 for a freshwater wetlands permit in order to develop the site. The environmental assessment form that Angioli submitted in support of its application stated, among other things, that the project would not involve the disposal of solid waste and indicated, by failure to check an

appropriate space, that the project did not involve construction of a sanitary landfill. On March 5, 1986, DEC issued Angioli a permit to "[f]ill approximately one acre of a freshwater wetland to construct two single family homes" on the site. Among the general and specific conditions described on the permit were provisions subjecting the work to DEC inspection, stating that the permittee is responsible for obtaining any other permits and approvals which may be required, and mandating that "[a]ll necessary precautions shall be taken to prevent contamination of the waters of the wetland and the streams by silt, sediment, fuels, solvents, lubricants, epoxy coatings, concrete leachate, or any other pollutant associated with construction and construction procedures". In February 1988, plaintiff contracted with Angioli's principals to fill the site with construction and demolition material; the contract was assigned to Angioli on February 10, 1988. On February 19, 1988, DEC personnel observed garbage as well as construction and demolition debris being dumped at the site, prompting the enforcement measures giving rise to the consolidated actions.

Initially, we reject Angioli's attacks on the sufficiency of the evidence adduced at trial. The State presented the testimony of four DEC employees and eight exhibits which demonstrated that Angioli had allowed the unpermitted disposal of solid waste on the site. Environmental Conservation Officers Terrance Revella and Charles Nash testified that they had observed construction and demolition debris and other solid waste, including plastic items, household trash, clothing, carpets and newspapers, in February 1988. According to Nash, solid waste material was still on the site as late as March 18, 1988. The fact that plaintiff, and not Angioli, actually deposited the solid waste on the site is of no significance. Angioli's liability is predicated upon its status as owner and permittee (see, 6 NYCRR former 360.1 [b], [d] [50]; *State of New York v Barone,* 147 AD2d 552, 554, *affd* 74 NY2d 332). Moreover, any claim of ignorance is belied by Angioli's agreement with plaintiff, which specifically provided for the disposal of construction and demolition debris on the site despite the fact that the permit issued to Angioli and the application therefor made no provision for the disposal of any kind of waste.

Angioli's remaining contentions warrant little discussion. We reject the claim that Supreme Court should have suppressed the evidence obtained as the result of allegedly illegal searches of the site. It is clear that Angioli had no reasonable expectation of privacy (see, *Flacke v Onondaga Landfill Sys.,*

127 Misc 2d 984, 987-989, *affd* 117 AD2d 992, *revd on other grounds* 69 NY2d 873). First, the site was not fenced in any way and violations could be observed from the public right-of-way. Further, as noted, the permit provided for DEC inspections *(see,* ECL 24-1301; 6 NYCRR former 360.1 [j]). Also meritless is the claim that the complaint in action No. 2 fails to state a cause of action and should have been dismissed. While the major thrust of the fifth cause of action relates to the conduct of plaintiff and its principal in illegally depositing waste upon the site, Angioli's status and resulting liability as permittee and owner is sufficiently alleged and there has been no demonstration that it has been prejudiced by any variance between the matters pleaded and the proof at trial *(see, Fried v Seippel,* 80 NY2d 32, 42; *Sharkey v Locust Val. Mar.,* 96 AD2d 1093, 1094). Finally, Supreme Court properly imposed a penalty pursuant to ECL 71-2303 for the violations of ECL article 24 (wetlands) and ECL 71-2703 for the violations of ECL article 27 (solid waste disposal). Contrary to Angioli's contention, the use of the site rendered it a "landfill" within the applicable regulatory definition (6 NYCRR former 360.1 [d] [37]).

Angioli's remaining contentions have been considered and rejected.

Weiss, P. J., Levine, Mahoney and Casey, JJ., concur. Ordered that the judgment is affirmed, without costs.