■ JAMADA FULLER, an Infant, by Her Parent and Natural Guardian, PATRICIA FULLER, et al., Appellants, v NEW YORK CITY BOARD OF EDUCATION, Respondent. [614 NYS2d 557] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Price, J.), dated September 9, 1992, which, upon a trial ruling granting the defendant's motion to dismiss the plaintiffs' complaint, after the plaintiffs' opening statement, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

We agree with the trial court that the plaintiffs' notice of claim and bill of particulars did not sufficiently apprise the defendant of the assertions by the plaintiffs' attorney in his opening statement. In that statement, after conceding that the teacher who allegedly caused the accident was qualified, the plaintiffs' attorney asserted that they had a cause of action sounding in negligent supervision, because the teacher allegedly compelled the infant plaintiff to perform a gymnastic exercise which resulted in personal injury. We find that the defendant's motion to dismiss the action at the close of the plaintiffs' opening statement was properly granted. The fatal defect was not, as the plaintiffs suggest, their failure to attach the correct label to their negligent supervision cause of action, but rather the failure to state sufficient facts in the notice of claim and the bill of particulars to give the defendant notice of the transactions relied on and the material elements of the cause of action *(see, e.g., Van Gaasbeck v Webatuck Cent. School Dist. No. 1,* 21 NY2d 239, 245-246; *Diemer v Diemer,* 8 NY2d 206, 212; *Pullin v Feinsod,* 142 AD2d 561, 562; *Jerry v Borden Co.,* 45 AD2d 344, 347). As the trial court properly recognized, the proof at trial was limited by the notice of claim *(see, Caselli v City of New York,* 105 AD2d 251) and the bill of particulars *(see, Ciriello v Virgues,* 156 AD2d 417, 418-419; *Tri-State Aluminum Prods. v Wecher,* 128 AD2d 697; *Sharkey v Locust Val. Mar.,* 96 AD2d 1093, 1094-1095). Permitting the assertion of the negligent supervision cause of action would have required the defendant to reorient its defense, and such a revision would be difficult given that the

plaintiffs' case had been pending nearly five years and involved an accident that occurred more than five-and-a-half years earlier *(see, Daud v Forest & Garden Apt. Co.,* 178 AD2d 578).

We also find that the plaintiffs' opening statement failed to establish a prima facie case of negligence. It is well established that a school has the duty to exercise the same degree of care toward its students as would a reasonably prudent parent under comparable circumstances *(see, Lawes v Board of Educ.,* 16 NY2d 302, 305; *Sprecher v Port Washington Union Free School Dist.,* 166 AD2d 700; *Gattyan v Scarsdale Union Free School Dist. No. 1,* 152 AD2d 650, 651). The trial court properly determined that, even though the infant plaintiff may have been larger than most of her classmates, and had spent less time practicing than the others, she had successfully performed the exercise at least once before; thus, there was no showing that the teacher should have known or foreseen that there was a special danger *(see, Lawes v Board of Educ., supra,* at 305; *Gattyan v Scarsdale Union Free School Dist. No. 1, supra,* at 652).

Moreover, we note that the trial court, before granting the defendant's motion to dismiss the complaint, afforded the plaintiffs ample opportunity to correct or expand upon the contents of their opening statement *(see, De Vito v Katsch,* 157 AD2d 413, 414). Accordingly, while dismissals after a plaintiff's opening statement are not favored, here, the notice of claim, as amplified by the bill of particulars and the plaintiffs' opening statement, did not demonstrate that the defendant breached a duty owed to the infant plaintiff, and dismissal of the action was appropriate *(see, Perretti v City of New York,* 132 AD2d 537). We agree with the trial court that, from all available indications, "the case [was] doomed to defeat" *(De Vito v Katsch, supra,* at 416).

We have examined the plaintiffs' remaining contention and find it does not warrant reversal. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.