OPINION OF THE COURT
Howard Miller, J.
The petition is granted to the following extent.
*520 The following facts are undisputed. On August 23, 1993, petitioner filed a notice of mechanic’s lien; on August 19, 1994 respondent received an extension of the lien for filing pursuant to Lien Law § 17. Sometime thereafter respondent returned the documents to petitioner because a filing fee of $15 was not tendered and the document was not notarized or acknowledged.
Petitioner now seeks a nunc pro tune order directing the respondent to accept the extension for filing.
Had the lien lapsed, this court would be without power to continue the lien by a nunc pro tune order (Hanson Heating & Plumbing v Stout, 88 Misc 2d 241, 242, citing Matter of American Bridge Co. [Larson Co.], 204 Misc 131; Dittmar Explosives v A. E. Ottaviano, Inc., 20 NY2d 498; Bretzfelder v Froman, 76 Misc 2d 1063). The lien, however, did not lapse since it was timely filed with the County Clerk and no nunc pro tune order is necessary.
The initial filing of a mechanic’s lien "consists in placing the sworn statement in the custody of, and leaving such statement with, the proper officer for the purpose of recording * * * Where claimant has filed his claim by leaving it with the proper officer for the purpose of recording, he has done all that is required of him * * * and * * * he does not lose his lien by reason of any neglect, default or mistake of the recording officer * * * [T]he lien is not nullified or lost, although the recording officer fails to collect the filing or recording fee in advance, or wholly fails to record the lien, or records it after the prescribed time for filing has expired” (56 CJS, Mechanic’s Liens, § 153, at 172-173, and cases cited therein). The requirements for filing the extension of lien are no more restrictive.
The parties agree there is no statutory requirement that the extension be notarized or acknowledged. While the failure to so verify may be subject to collateral attack in litigation proceedings, it does not constitute a reason to reject the filing. Nor does the failure to tender the fee. Thus the extension was timely filed on August 19, 1994, and the County Clerk shall docket it as of that date.
In view of the limited relief sought by petitioner, the court does not reach the issue of the propriety of the filing fee.